

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,773-01

### EX PARTE BRUNO TREVINO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1DC-10-300963-A IN THE 299TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and sentenced to twelve and a half years' imprisonment. The Third Court of Appeals affirmed his conviction. *Trevino v. State*, No. 03-12-00172-CR (Tex. App. – Austin, August 9, 2013).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel

failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review. We remanded this application to the trial court for findings of fact and conclusions of law.

Appellate counsel filed an affidavit with the trial court. In that affidavit, appellate counsel states that it was explained to Applicant that the appellate court would probably deny relief on the single claim raised on direct appeal, and that Applicant's best chance for obtaining relief would be by way of post-conviction habeas corpus. Appellate counsel states that Applicant agreed that filing a frivolous petition for discretionary review would only delay the process of seeking post-conviction habeas review. Based on that affidavit, the trial court has entered findings of fact and conclusions of law recommending that relief be denied.

Although appellate counsel states in his affidavit that Applicant was aware of his right to file a petition for discretionary review, and was advised of the "expected opinion denying the only issue that was raised" on direct appeal, appellate counsel does not state that he advised Applicant that he could pursue a petition for discretionary review *pro se*. Nor does appellate counsel state that he advised Applicant when the court of appeals issued its opinion, or sent Applicant a copy of that opinion in compliance with Rule 48.4 of the Texas Rules of Appellate Procedure. The appellate docket does not indicate that appellate counsel filed a letter certifying compliance with Rule 48.4.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Third Court of Appeals in Cause No. 03-12-00172-CR that affirmed his conviction in Cause No. D-1-DC-10-300963 from the 299th District Court of Travis County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: April 30, 2014
Do not publish